## Hanbest's Appeal. Hanbest's Estate.

Where there is no supine negligence in an executor, the fact that he continues a deposit in a bank upon the same terms originally made by his decedent, will not make him responsible for its loss by the failure of the bank.

January 19th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Appeal from the Orphans' Court of *Philadelphia county :* Of January Term 1880, No. 39.

Appeal of John Hanbest and others, from the decree of the court dismissing the exceptions to the report of the auditor to audit the account of the executor of Thomas Passmore Hanbest, deceased. Thomas Passmore Hanbest died on the 7th of August 1873, leaving a will dated July 30th 1873, wherein he appointed Isaac Norris his executor. By a codicil he appointed his brother, Philip M. Hanbest, co-executor. The latter died intestate in August 1875. The account of Mr. Norris as executor was filed and referred to an auditor, before whom it appeared that at the time of decedent's death on August 7th 1873, there was a balance to his credit with Jay Cooke & Co., bankers, amounting to $46,623.44. This balance was transferred to Norris, as the acting executor, on August 21st 1873. The ordinary rate of interest allowed by Jay Cooke & Co. was three per cent., but in consideration of the larger balances kept by the decedent, they allowed him five per cent. When the account was transferred to Norris, no arrangement was

made in regard to the rate of interest, but they continued to allow him five per cent. On September 18th 1873, Jay Cooke & Co. failed, at which time there was a balance to the credit of the executor of $42,542.37. The auditor was asked by the residuary legatees to surcharge the executor with the amount of the deposit. The auditor was of opinion that there was no negligence upon the part of the executors, they having acted in good faith, and for the best interests of the estate, as they supposed; and this not being an investment made by them, but merely a continuation of a former deposit made by the testator in his lifetime, this credit should be allowed.

Exceptions were filed to this report, which the court dismissed, and confirmed the report, from which decree this appeal was taken.

*Wm. H. Livingood* and *H. McIntire*, for appellants.—A trustee can only protect himself from risk when he invests the fund in real or government securities, or in pursuance of an order of court: Hemphill's Appeal, 6 Harris 306.

He must be diligent and careful in getting possession of the property and in making his investments. It was held, in a few extreme cases, that he may keep the money in a reliable bank for one year. But was this a reliable bank ? Was the trustee justified in his faith in this bank ? It was a private and interest-paying bank. Jay Cooke & Co. were dealers in bonds, notes and stocks, and invested large sums of money at great risks, so as to make high rates of interest, and were actively engaged in building railroads. Three things were sufficient to put the trustee on his guard, and to prevent him from risking this large sum of money until he had examined its affairs. Where the money is in a private bank and in the hands of brokers, it should be withdrawn forthwith. The money should be so deposited that it can be drawn with the greatest facility at the shortest notice of danger. It should have been entered on joint account, so that the individual checks of the executor could draw it out, and the same care be exercised by him as used in the custody of his own property.

*George W. Biddle, J. Parker Norris* and *F. Carroll Brewster*, for appellee.—The court would not hear an argument for appellee.

The judgment of the Supreme Court was entered February 2d 1880,

PER CURIAM.—The deposit or investment by Mr. Norris as executor of Hanbest in the bank of Jay Cooke & Co., was nothing but a simple continuation of the deposit and investment made by the testator and on the same terms. That he opened an account as executor, and transferred the amount to his new account, did not alter the state of the case. Had this been an original deposit

[Hanbest's Appeal.]

by the executor of money in his hands, it would have presented an entirely different question. According to the well-established rules on this subject, there was no supine negligence in the executor which ought to make him responsible for the loss of this money.

Decree affirmed, and appeal dismissed at the costs of the appellant.